

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 17 2014

TIM RHODES
COURT CLERK
43_____

CJ-2014-4064

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JOHN E. BAYRO, | ) |
| Plaintiff, | ) ) ) |
| versus | ) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, JIM EVANS INSURANCE AGENCY, INC., and STAYTON A. COONS | ) ) ) ) |
| Defendants. | ) ) |

Case No. _____

## PETITION

**COMES NOW** the Plaintiff, JOHN E. BAYRO (hereinafter "Plaintiff"), and for his causes of action against Defendants, STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter collectively referred to as "STATE FARM"), JIM EVANS INSURANCE AGENCY, INC. (hereinafter "EVANS INS. AGENCY"), and STAYTON A. COONS (hereinafter "COONS") hereby states as follows:

### STATEMENT OF FACTS

1. Plaintiff is situated in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff has an insurable interest in the property located at 625 SW 161st Street, Oklahoma City, Oklahoma 73170-7672.

2. Defendant, STATE FARM, is a corporation incorporated under the laws of the State of Illinois, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3. Defendant, EVANS INS. AGENCY, is an insurance agency incorporated under the laws of the State of Illinois, having his principal place of business in Oklahoma.



EXHIBIT 1

4. Defendant, COONS, upon information and belief, is licensed as an insurance adjuster in the state of Oklahoma. COONS' adjuster license number in the State of Oklahoma is # 0040162453. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5. Plaintiff entered into a contract for insurance with Defendant, STATE FARM to provide coverage for its property and its contents. Plaintiff's insured property is located in Oklahoma County, Oklahoma.

6. Plaintiff purchased the policy of insurance through the offices of Defendant, EVANS INS. AGENCY. At the time Plaintiff purchased the policy of insurance with Defendant STATE FARM, the Defendant EVANS INS. AGENCY was an agent and/or an ostensible agent of Defendant STATE FARM.

7. Defendant, EVANS INS. AGENCY, was familiar with Plaintiff and has served as Plaintiff's primary insurance agent for its insurance needs. Defendant, STATE FARM, advised Plaintiff of the need to maintain replacement cost coverage on the property.

8. Plaintiff relied on Defendant, EVANS INS. AGENCY's representations and purchased the same. Plaintiff trusted and believed Defendant, EVANS INS. AGENCY had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

9. Thereafter Defendant, STATE FARM, issued the Homeowners policy of insurance, Policy 36-EJ-3130-5, to the Plaintiff.

10. Defendant, STATE FARM, represented to the Plaintiff, directly and through its agent, Defendant, EVANS INS. AGENCY, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

11. On or about June 1, 2013, the property insured by Plaintiff under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

12. Plaintiff timely and properly submitted a claim to Defendant, STATE FARM, for the property damage incurred due to the wind/hailstorm.

13. Defendant, STATE FARM confirmed that the cause of Plaintiff's property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, STATE FARM. Defendant, STATE FARM assigned a claim number of 36-299M-337.

## STATUTORY AUTHORITY

14. This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiff adopts and incorporates by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, STATE FARM, alleges as follows:

16. Plaintiff entered into a contract for insurance with Defendant, STATE FARM, to provide coverage for the dwelling and personal property.

17. At all times material hereto, the policy of insurance, Policy No. 36-EJ-3130-5,

was in full force and effect.

18. Plaintiff provided timely and proper notice of his claim of property damage resultant from the June 1, 2013 wind/hailstorm.

19. Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

20. This notwithstanding, the Defendant, STATE FARM, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

21. As a result of the Defendant, STATE FARM' breach of contract the Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

22. The conduct of Defendant, STATE FARM, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

23. Plaintiff adopts and incorporates by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, STATE FARM, and COONS, (sometimes referred to hereafter as the "DEFENDANTS"). alleges as follows:

24. Defendants, STATE FARM, and COONS, owed a duty to Plaintiff to deal fairly and act in good faith.

25. Defendants, STATE FARM, and COONS, breached their duty to deal fairly and

act in good faith by engaging in the following acts and/or omissions:

a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the June 1, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance poilcy.

b. Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy

c. Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.

d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance policy.

e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

f. Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

g. Failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

h. Intentionally engaging in an outcome oriented investigation.

i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism.

26. Defendants, STATE FARM'S, and COONS' obligations to the Plaintiff arise from

both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27. Defendants, STATE FARM'S, and COONS' failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendants, STATE FARM'S, and COONS' conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

29. As a direct and proximate result of Defendants, STATE FARM'S, and COONS' unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, STATE FARM.

30. As a result of the Defendants, STATE FARM'S, and COONS' conduct the Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendants, STATE FARM, and COONS was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32. Plaintiff further alleges Defendant, STATE FARM enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

33. Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above as if

fully plead herein, and for further claims against the Defendants alleges as follows:

34. Due to the unequal bargaining power between Plaintiff and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiff was most vulberable, a special relationship akin to that of a fiduciary duty exists between Plaintff and Defendants.

35. As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insureds.

36. A fiduciary duty existed between Plaintiff and Defendant, EVANS INS. AGENCY. The overwhelming influence of Defendant, EVANS INS. AGENCY over Plaintiff, and Plaintiff's dependency and trust in its insurance agent, and Defendant, EVANS INS. AGENCY's assurance it could procure the insurance policy Plaintiff requested creates a fiduciary status.

37. Given the specialized knowledge the Defendant, STATE FARM, possessed with regard to the terms and conditions of the insurance policy, the Defendant, STATE FARM'S duty to act reasonably created such a special relationship so as to make the Defendant, STATE FARM, a fiduciary.

38. The Defendants breached their fiduciary duties owed to the Plaintiff.

39. As a result of Defendants' breach of fiduciary duties, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41. Plaintiff adopts and incorporates by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

42. Defendant, EVANS INS. AGENCY, was familiar with Plaintiff and had been hired as Plaintiff's primary insurance agent for the property insurance needs. In this capacity, Defendant, EVANS INS. AGENCY, advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

43. Plaintiff relied upon Defendant, EVANS INS. AGENCY's representations and annually purchased the suggested coverage by paying a higher premium each year.

44. Defendant, EVANS INS. AGENCY, procured the subject replacement cost policy for Plaintiff.

45. At all times relevant hereto, the Defendant, EVANS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, STATE FARM.

46. Defendant, STATE FARM, owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff.

47. Defendant, EVANS INS. AGENCY, had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

48. Defendant, EVANS INS. AGENCY, breached its duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

49. Defendant EVANS INS. AGENCY breached its duty owed to Plaintiff by:

   a. Procuring an insurance policy that did not serve to actually replace its property and personal property when it was damaged or destroyed by a covered loss.

   b. Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiff's dwelling.

   c. Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

50. Defendant, EVANS INS. AGENCY, was negligent and breached its duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate and adequate coverage.

51. Plaintiff reasonably believed the insurance policy procured and mainained by Defendant, EVANS INS. AGENCY, was in conformity to their agreement with Defendant, EVANS INS. AGENCY.

52. Plaintiff relied upon Defendant, EVANS INS. AGENCY, to procure and maintain appropriate and adequate coverage.

53. Defendant, EVANS INS. AGENCY knew or should have known Plaintiff relied upon it to procure appropriate and adequate coverage, and it is foreseeable that the

failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, losses and damages.

54. The Defendant, EVANS INS. AGENCY was an agent and/or an ostensible agent of Defendant, STATE FARM, and Defendant, STATE FARM is vicariously liable for the conduct of Defendant, EVANS INS. AGENCY.

55. As a result of Defendants' conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### FIFTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

57. Plaintiff adopts and incorporates by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

58. Defendant, EVANS INS. AGENCY, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options.

59. Defendant, EVANS INS. AGENCY, breached its duty to Plaintiff by misrepresenting to Plaintiff as follows:

  a. That the insurance procured was truly one of "replacement."

  b. That the amount of coverage procured, and for which premiums were

   paid, was equal to the estimated replacement cost of Plaintiff's property.

   c. That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace its property in the event it was destroyed by a covered event.

   d. That the insurance policy procured would comply with Plaintiff's reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

60. That as a result of Defendant, EVANS INS. AGENCY'S breach of duty, Defendant, EVANS INS. AGENCY, gained an advantage to the prejudice and detriment of Plaintiff.

61. Defendant, EVANS INS. AGENCY, misrepresented the nature of the insurance policy procured for Plaintiff.

62. Defendant, EVANS INS. AGENCY, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiff's business property and personal property.

63. Defendant, EVANS INS. AGENCY, misrepresented the policy was one which was in an amount necessary to replace Plaintiff's property in the event it was destroyed by a covered event.

64. Defendant, EVANS INS. AGENCY'S misrepresentations constitute constructive fraud.

65. Plaintiff was induced to accept and purchase the Defendant, STATE FARM, policy of insurance by Defendant, EVANS INS. AGENCY'S misrepresentations and constructive fraud.

66. Plaintiff was misled by Defendant, EVANS INS. AGENCY's misrepresentations and constructive fraud.

67. The Defendant, EVANS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, STATE FARM for purposes of these misrepresentations, and as such the Defendant, STATE FARM, is vicariously liable for the conduct of Defendant, EVANS INS. AGENCY.

68. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, EVANS INS. AGENCY'S misrepresentations.

70. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SIXTH CAUSE OF ACTION
### NEGLIGENT UNDERWRITING

71. Plaintiff adopts and incorporates by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

72. At the time the insurance policy was sold to Plaintiff, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiff's

property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiff's property as determined at the time the subject policy was written.

73. Thereafter, Defendants owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74. Defendants breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's dwelling and/or personal property.

75. Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiff paid premiums for policy limits that did not accurately reflect the risks insured.

76. Defendants further breached their duties by automatically applying Defendant, STATE FARM'S annual inflationary adjustments which were utilized to increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

77. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiff and other Oklahoma policyholders.

78. Defendants' obligations arise from both the express written terms of the policy

and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

80. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiff which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiff.

82. Plaintiff relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83. Defendants breached their duties owed to Plaintiff by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiff that did not provide appropriate and adequate coverage to Plaintiff.

84. As a result of the Defendants' conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86. Plaintiff adopts and incorporates by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

87. Plaintiff brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

89. Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

   (1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   (2) Failing to disclose information concerning goods or services which was

known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendant, and Plaintiff would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

90. Plaintiff adopts and incorporates by reference paragraphs 1 through 89 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

91. Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

92. Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93. Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, STATE FARM FIRE AND CASUALTY COMPANY, JIM EVANS INSURANCE AGENCY, INC., and STAYTON COONS, for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its dwelling and personal property caused by the June 1, 2013, wind/hail storm, together with interest on all amounts due;

b. Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c. Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

e. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED**