# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN E. BAYRO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1084-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Amended Motion to Dismiss [Doc. No. 11]. Plaintiff has responded and the matter is fully briefed and ready for decision.

## I. Background

Defendant moves for dismissal of Plaintiff's claims for breach of contract, breach of the duty of good faith and fair dealing, violations of Oklahoma's Consumer Protection Act, and breach of fiduciary duty. Plaintiff's claims arise out of a June 1, 2013 wind/hailstorm that resulted in damage to his property. Defendant insured the subject property. This action was initially filed in state court and removed to federal court based on diversity of citizenship.[1]

## II. Governing Standard

A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550

---

[1] The parties cite Oklahoma law as controlling and there is no indication in the current record that the law of another state would apply. Therefore, the Court applies Oklahoma law to Plaintiff's claims.

U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## III. Discussion

### A. Breach of Contract

Under Oklahoma law, to recover under a claim for breach of contract a plaintiff must show: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach. *Digital Design Group, Inc. v. Information Builders, Inc*., 24 P.3d 834, 843 (Okla. 2001). The petition filed in state court identifies the insurance policy at issue and alleges the existence of a timely filed claim of property damage, the date the property damage allegedly occurred, that Defendant allegedly breached the contract by failing to pay Plaintiff all benefits owed and that Plaintiff has sustained damages as a result of the breach. *See* Petition [Doc. No. 1-1] at ¶¶ 15-21. Plaintiff has alleged facts sufficient to state a claim for breach of contract.

Defendant also seeks dismissal of Plaintiff's breach of contract claim on statute of limitations grounds contending that the action was filed outside the one-year contractual limitation period

2

identified in the insurance policy.[2] Although Plaintiff concedes the action was filed outside the contractual one-year limitation period, factual issues regarding tolling of the limitations period and whether Defendant waived its right to enforce the contractual limitations period exist. Thus, the dates set forth in the Petition do not make clear that the right sued upon has been extinguished. *Compare Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (statute of limitations issues may be resolved on a motion to dismiss but only where "the dates given in the complaint make clear that the right sued upon has been extinguished"). *See also Walton v. Potter*, Case No. 05-C-3809, 2006 WL 3341187, *1 (N.D. Ill. Nov. 16, 2006) (unpublished op.) ("The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired. But, '[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.'"). Construing the allegations in the light most favorable to Plaintiff, dismissal of Plaintiff's breach of contract claim on statute of limitations grounds is not appropriate.

**B.     Bad Faith**

Defendant also moves for dismissal of Plaintiff's bad faith breach of contract claim. In support of the bad faith claim, Plaintiff alleges that Defendant breached its duty to Plaintiff to deal fairly and act in good faith by, *inter alia*:

- failing to pay the full amount for the property damage sustained as a result of the June 1, 2013 wind/hailstorm as required by the terms of the insurance policy;

- failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy;

---

[2]The policy is not attached to the Petition. However, Defendant quotes the alleged contractual limitation period provision, *see* Motion at p. 7, and Plaintiff does not dispute that this provision exists in the insurance policy.

3

- wrongfully failing to communicate to Plaintiff all coverages and benefits applicable to Plaintiff's claim; and

- failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

*See* Petition, ¶ 25. Plaintiff additionally alleges that as a direct result of this conduct, "Plaintiff's claim was unnecessarily delayed, inadequately investigated and wrongfully underpaid." *Id*. at ¶ 29.

In Oklahoma, "an insurer has an implied duty to deal fairly and act in good faith with its insured and. . . the violation of this duty gives rise to an action in tort. . . ." *Christian v. American Home Assur. Co*., 577 P.2d 899, 904 (Okla.1977). Taking Plaintiff's factual allegations as true, reviewing the allegations in the specific context of the claims raised, and drawing the reasonable inferences therefrom, the allegations are sufficient to state a plausible claim for relief and adequately apprise Defendant of the basis for Plaintiff's bad faith claim.

### C. Oklahoma Consumer Protection Act (OCPA)

A consumer bringing a claim under the OCPA must show: "(1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Patterson v. Beall*, 19 P.3d 839, 846 (Okla.2000). In support of an OCPA claim, Plaintiff's Petition alleges conduct by Defendant involving representations regarding the insurance agreement, disclosures of information when the policy was sold, and unconscionable conduct of "accepting insurance premiums but refusing without reasonable basis to pay benefits due and owing." *See* Petition, ¶ 89.

Defendant contends it is statutorily exempt from the OCPA because the business of insurance is regulated in the state of Oklahoma by the Department of Insurance. *See* Okla. Stat. tit. 15,

4

§ 754(2) ("[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States" are exempted from the OCPA). The regulatory authority of the Insurance Commissioner under the Oklahoma Insurance Code, Okla. Stat. tit. 36, §§ 101–7301, expressly encompasses the conduct of insurers in the marketing and sale of insurance policies, disclosures of information, and the adjustment of claims. Further, the Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance." *See id.* § 307.

Other courts, including the Oklahoma Court of Civil Appeals, have determined that the exemption of § 754(2) applies when an OCPA claim rests on "an insurer's activity in the business of insurance." *See Conatzer v. Am. Mercury Ins. Co.*, 15 P.3d 1252, 1255 (Okla.Civ.App.2000); *see also Childs v. Unified Life Ins. Co.*, 781 F.Supp.2d 1240, 1250 (N.D.Okla.2011); *Thomas v. Metro. Life Ins. Co.*, 540 F.Supp.2d 1212, 1228 (W.D.Okla.2008). The Court agrees and finds Plaintiff's OCPA claim is subject to dismissal for failure to state a claim upon which relief may be granted.

D. **Breach of Fiduciary Duty**

In order to prove a claim for breach of fiduciary duty, a plaintiff must establish: (1) the existence of a fiduciary relationship; (2) a duty arising out of the fiduciary relationship; (3) breach of the fiduciary duty; and (4) damages proximately caused by the breach of duty. *FDIC v. Grant*, 8 F.Supp.2d 1275, 1299 (N.D.Okla.1998) (applying Oklahoma law). Plaintiff alleges that due to Defendant's "specialized knowledge" with regard to the terms and conditions of the insurance policy, Defendant "had a duty to act reasonably" thereby creating a fiduciary relationship with Plaintiff. *See* Petition, ¶ 37. Plaintiff also alleges a fiduciary relationship exists based on the quasi-

5

public nature of insurance and the potential for Defendant to exploit power over Plaintiff while in a vulnerable position. *See id.*, ¶ 34.

Under Oklahoma law, the special relationship between an insurer and its insured "stem[s] from the quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable" and that "special relationship creates a nondelegable duty of good faith and fair dealing on the part of the insurer." *Wathor v. Mutual Assur. Administrators, Inc.*, 87 P.3d 559, 561-62 (Okla. 2004). As set forth above, Plaintiff has stated a tort claim for relief based on an insured's duty of good faith and fair dealing implied in every insurance contract.

Plaintiff's claim premised on breach of fiduciary duty appears duplicative of the bad faith tort claim. *Compare Siddique v. Western Heritage Ins. Co.*, No. CIV-14-456-SPS, 2015 WL 2451734 at * 2 (E.D. Okla. May 21, 2015) (unpublished op.) (dismissing breach of fiduciary duty claim alleged by insured where insured also brought claim for breach of the duty of good faith and fair dealing); *Wolf v. State Farm and Casualty Co.*, No. CIV-14-1097-M, 2015 WL 1014650 at *5 (W.D. Okla. March. 9, 2015) (unpublished op.) (same). Under these circumstances, dismissal of Plaintiff's breach of fiduciary duty claim, which rests primarily on conclusory allegations of Defendant's specialized knowledge and Plaintiff's vulnerability, is proper.

**IV.   Conclusion**

Having reviewed Plaintiff's Petition under the applicable Rule 12(b)(6) standard, the Court finds the pleading is sufficient to state claims for breach of contract and breach of the insurer's duty

of good faith and fair dealing.  However, the dismissal of Plaintiff's claim under the Oklahoma Consumer Protection Act and Plaintiff's claim for breach of fiduciary duty is warranted.[3]

IT IS THEREFORE ORDERED that the Amended Motion to Dismiss [Doc. No. 11] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this  7th  day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] In wholly conclusory fashion, Plaintiff alleges that if the Court concludes dismissal is proper based on a failure to "plead with the requisite specificity" then Plaintiff seeks leave to amend. *See* Response at p. 12.  But as set forth above, the Court dismisses Plaintiff's claims not due to a failure to plead with specificity, but because such claims are not cognizable under the governing law. Therefore, leave to amend would be futile and Plaintiff's request is denied.